# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DALE EUGENE HOLCOMB,

    Petitioner,

vs.

ANTHONY M. SCILLIA, et al.,

    Respondents.

Case No. 2:10-CV-02015-PMP-(RJJ)

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#9), petitioner's motion for enlargement of time (#11), petitioner's opposition (#12), and respondents' reply (#13). The court grants petitioner's motion for enlargement of time. For the reasons stated below, the court grants the motion to dismiss.

    After a jury trial in the Seventh Judicial District Court of the State of Nevada, petitioner was convicted of felony domestic violence. Ex. 27 (#9). Petitioner appealed, and he filed a fast-track statement. Ex. 29 (#9). The Nevada Supreme Court affirmed. Ex. 31 (#9). Petitioner did not pursue post-conviction remedies in state court.

    In their motion to dismiss (#9), respondents have divided ground 1 into two parts, and the court adopts the same division for ease of reference. A comparison of the petition (#1) with petitioner's fast-track statement shows that the three grounds for relief in the petition (#1) correspond roughly to the three issues that petitioner raised on direct appeal. The difference is in ground 1. In the fast-track statement, petitioner prefaced his three issues with an argument that all three issues intertwine into one cumulative error. Ex. 29, p. 6 (#9). The Nevada Supreme Court treated that argument as a separate argument on appeal and rejected it. Ex. 31, p. 4 (#9). In the petition (#1), petitioner placed that cumulative-error argument in ground 1 of the form.

Respondents designate as ground 1(A) the cumulative-error argument at ground 1(A), and they designate as ground 1(B) the claim that the trial court violated petitioner's right to a fair trial and due process by admitting evidence of prior bad acts and then denying a motion for mistrial.

Respondents argue that petitioner has not exhausted his available state-court remedies for grounds 1(B), 2, and 3. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

> [A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law.

Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

> The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.

Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1(B), as noted above, is a claim that the trial court violated petitioner's right to a fair trial and due process by admitting evidence of prior bad acts and then denying a motion for mistrial. On direct appeal, petitioner presented this claim only as an issue of state law. Ex. 29, p. 6 (#9). Ground 1(B) is unexhausted.

Ground 2 is a claim that the trial court violated petitioner's right to a fair trial and due process when it permitted an expert witness to testify regarding battered-woman syndrome. On direct appeal, petitioner presented this claim only as an issue of state law. Ex. 29, p. 7 (#9). The argument did mention Kotteakos v. United States, 328 U.S. 750, 775 (1946), but not in a constitutional context. Instead, petitioner argued that the Nevada Supreme Court's standard for

whether a non-constitutional error in state law is harmless is the same as the Kotteakos standard for whether a non-constitutional error in federal statutory law is harmless.  Ground 2 is unexhausted.

Ground 3 is a claim that the district court violated petitioner's right to a fair trial and due process by improperly handling questions from jurors.  On direct appeal, petitioner presented this claim only as an issue of state law.  Ex. 29, pp. 7-8 (#9).  Ground 3 is unexhausted.

Petitioner's arguments to the contrary are not persuasive.  While the Nevada Supreme Court considered the issues that petitioner raised on direct appeal, those were issues of state law, not federal law.  Even though the issues on direct appeal and the grounds in the petition (#1) share the same facts, they do not share the same legal bases.

Respondents persuasively argue that the court should also dismiss ground 1(A), the claim of cumulative error.  With all the other grounds for relief being unexhausted, and the court being unable to rule upon them, the claim of cumulative error is an empty shell.  In the alternative, the claim of cumulative error is itself unexhausted.  On direct appeal, petitioner did not mention any source of federal law when he argued that his three issues are intertwined into one cumulative error.  Ex. 29, p. 6 (#9).  The Nevada Supreme Court did not base its rejection of the cumulative-error claim upon federal law.  Ex. 31, p. 4 (#9).  Just as with the three other grounds, petitioner presented the issue of cumulative error as an issue of state law.

Reasonable jurists would not find these conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion for enlargement of time (#11) is **GRANTED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#9) is **GRANTED**.  This action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available remedies in the state courts.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: August 31, 2011.

_____
PHILIP M. PRO
United States District Judge